In the Matter of the Accounting of ABRAHAM L. FRANK et al., as Executors of IDA WILLIAMS, Deceased.

Surrogate's Court, New York County, May 17, 1949.

*Henry S. Hendricks* and *David A. Prager* for executors, petitioners.

*Jacob S. Schulman* and *Joseph S. Scheinberg*, as co-committee of Jerome H. Williams, an incompetent, respondents.

*William V. Goldberg* and *Theodore Ness* for Jewish Family Service, Inc., respondent.

*Leonard M. Wallstein, Jr.*, special guardian for Stuart L. Williams, an infant, respondent.

COLLINS, S. In this accounting proceeding, the executors request a determination as to whether a gift of a remainder of a trust to a charitable institution is partially invalid under section 17 of the Decedent Estate Law and whether or not an infant alternative remainderman has any interest in the trust.

The decedent died on September 28, 1946, leaving a will dated December 3, 1945, in which she created a trust of the residue of her estate for the lives of the survivor of her son and her sister. While both are alive the son receives two thirds and the sister one third of the income. Upon the death of one

beneficiary the entire income is payable to the survivor and upon the latter's death the trust terminates and the principal is payable to the charitable institution. The testatrix provided, however, that if the disposition of any part of the remainder interest be invalid under section 17 of the Decedent Estate Law such part is to be paid to her grandson upon his reaching the age of twenty-one years if he survives both life beneficiaries.

The State Insurance Department has computed the actuarial values of the joint and surviving life estates of the beneficiaries as of the date of death of the decedent. They are set forth in the account. The valuations are not disputed. Based on these valuations, the remainder to the charity does not exceed one half of the gross estate, less debts. No violation of section 17 of the Decedent Estate Law is therefore shown.

Contention has been made in this proceeding that the joint and surviving life estates should not be valued as of the date of death of the decedent but that such valuation should await the death of one of the life beneficiaries. That contention is over-ruled (*Matter of Mayers,* 189 Misc. 700, affd. 274 App. Div. 918). The 1936 amendment of section 17 of the Decedent Estate Law (L. 1936, ch. 288) was intended to clarify the purpose of the section, as theretofore construed by the courts (*Matter of Schalkenbach,* 155 Misc. 332). Under that amendment the valuations of the estate and the interests of the respective beneficiaries, charitable and noncharitable, were to be computed as of the date of death of the testator, whenever the terms of the will made such computation possible. It is only when such computation as of the date of decedent's death is impossible because of future contingent secondary life estates, that such computation must await the death of a life beneficiary. That situation is not present here. That the valuations of the joint and surviving life estates could be computed as of the date of decedent's death is demonstrated by the fact that they were so computed. The court holds that the infant remainderman has no interest in the remainder.

Submit decree on notice settling the account and construing the will accordingly.